IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 7:24-cr-00890 |
| | ) | 18 U.S.C. § 922(g)(1) |
| -versus- | ) | 18 U.S.C. § 924(a)(8) |
| | ) | 21 U.S.C. § 841(a)(1) |
| JUAN QUASHAUN MOORE, | ) | 21 U.S.C. § 841(b)(1)(B) |
| a/k/a "Baby Brix" | ) | 21 U.S.C. § 841(b)(1)(C) |
| DEVON COLLINS | ) | 21 U.S.C. § 841(b)(1)(D) |
| JOSHUA RICE, a/k/a "Yoda" | ) | 21 U.S.C. § 846 |
| JEFFERY LEE JEFFERSON II, | ) | 21 U.S.C. § 851 |
| a/k/a "Jroc" | ) | 18 U.S.C. § 924(c)(1)(A) |
| CORNELIUS SMITH, a/k/a "Sixty | ) | 18 U.S.C. § 924(d)(1) |
| MICHAEL TYREE | ) | 21 U.S.C. § 853 |
| HOPE AIKEN | ) | 21 U.S.C. § 881 |
| NICHOLAS THOMPSON | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | **SEALED SECOND** |
| | ) | **SUPERSEDING INDICTMENT** |
| | ) | |

COUNT 1
Conspiracy to Commit Drug Trafficking

THE GRAND JURY CHARGES:

Beginning at a time unknown to the Grand Jury, but beginning at least in early 2024, and continuing thereafter, up to and including the date of this Second Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, JUAN QUASHAUN MOORE, a/k/a "Baby Brix," DEVON COLLINS, JOSHUA RICE, a/k/a "Yoda," JEFFERY LEE JEFFERSON II, a/k/a "Jroc," CORNELIUS SMITH, a/k/a "Sixty," MICHAEL TYREE, HOPE AIKEN, and NICHOLAS THOMPSON, knowingly and intentionally did combine, conspire, agree, and have tacit understanding with each other and with others, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute N-phenyl-N-[1- (2-phenylethyl)-4-piperidinyl]

FEB 11 2025 PM1:19
RCVD - USDC GVILLE SC

propanamide, commonly known as "fentanyl," and methamphetamine, both Schedule II controlled substances, and marijuana, a Schedule I controlled substance:

a. With respect to DEVON COLLINS, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

b. With respect to JOSHUA RICE, a/k/a "Yoda," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

c. With respect to JEFFERY LEE JEFFERSON II, a/k/a "Jroc," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

d. With respect to JUAN QUASHAUN MOORE, a/k/a "Baby Brix," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other

conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," a quantity of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D);

e.  With respect to CORNELIUS SMITH, a/k/a "Sixty," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 841(b)(1)(D);

f.  With respect to MICHAEL TYREE, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C);

g.  With respect to HOPE AIKEN, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide,

3

commonly known as "fentanyl," and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

h. With respect to NICHOLAS THOMPSON, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
Possession of a Firearm by a Convicted Felon

THE GRAND JURY FURTHER CHARGES:

That on or about October 16, 2024, in the District of South Carolina, the Defendant, JUAN QUASHAUN MOORE, a/k/a "Baby Brix," knowingly did possess a firearm and ammunition in and affecting commerce, that is a Glock model 27, .40 caliber pistol and .40 caliber ammunition, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 3
Possession with Intent to Distribute Marijuana

THE GRAND JURY FURTHER CHARGES:

That on or about October 16, 2024, in the District of South Carolina, the Defendant, JUAN

4

QUASHAUN MOORE, a/k/a "Baby Brix," intentionally and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 4
Possession of a Firearm In Furtherance of a Drug Trafficking Crime

THE GRAND JURY FURTHER CHARGES:

That on or about October 16, 2024, in the District of South Carolina, the Defendant, JUAN QUASHAUN MOORE, a/k/a "Baby Brix," knowingly possessed a firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 5
Possession with Intent to Distribute Fentanyl, Methamphetamine, and Marijuana

THE GRAND JURY FURTHER CHARGES:

That on or about October 29, 2024, in the District of South Carolina, the Defendant, CORNELIUS SMITH, a/k/a "Sixty," intentionally and unlawfully did possess with intent to distribute a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl," and a quantity of a mixture or substance containing a detectable amount of methamphetamine, both Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D).

## COUNT 6
### Possession of a Firearm In Furtherance of a Drug Trafficking Crime

THE GRAND JURY FURTHER CHARGES:

That on or about October 29, 2024, in the District of South Carolina, the Defendant, CORNELIUS SMITH, a/k/a "Sixty," knowingly possessed a firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE

FIREARM/DRUG OFFENSES:

Upon conviction for felony violations of Title 18 and 21, United States Code as charged in this Second Superseding Indictment, the Defendants, JUAN QUASHAUN MOORE, a/k/a "Baby Brix," DEVON COLLINS, JOSHUA RICE, a/k/a "Yoda," JEFFERY LEE JEFFERSON II, a/k/a "Jroc," CORNELIUS SMITH, a/k/a "Sixty," MICHAEL TYREE, HOPE AIKEN, and NICHOLAS THOMPSON, shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c) any firearms and ammunition (as defined in 18 U.S.C. § 921) –

(1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

(2) involved in or used in any knowing violation of 18 U.S.C. § 922 or 924, or violation of any other criminal law of the United States or intended to be used in a crime of violence.

PROPERTY:

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Second Superseding Indictment includes, but is not limited to, the following:

7

A.    Firearms:

    (1)        Ruger Security-9 pistol
                  Serial Number: 387-24484
                  Seized from Devon Domonique Collins

    (2)        Palmetto State Armory PA-15 pistol with magazine
                  Serial Number: DCSF300558
                  Seized from: Cornelius Smith

    (3)        Glock model 27, .40 caliber pistol
                  Serial Number: BZCV892
                  Seized from: Juan Quashaun Moore

    (4)        Glock 22 handgun
                  Serial Number: XPA661
                  Seized from: Cornelius Smith

    (5)        Springfield Armory handgun
                  Serial Number: BA419108
                  Seized from: Cornelius Smith

    (6)        PSA PA-15 multi rifle
                  Serial Number: DCSF300558
                  Seized from: Cornelius Smith

B.    Ammunition:

    (1)        45 rounds of assorted ammunition
                  Seized from Devon Domonique Collins

    (3)        31 rounds of assorted .300 caliber ammunition
                  Seized from: Cornelius Smith

    (4)        Miscellaneous rounds of .40 caliber ammunition
                  Seized from: Juan Quashaun Moore

C.    United States Currency:

    (1)        $1,025.00 in United States currency
                  Seized from Devon Domonique Collins
                  Asset ID: 25-DEA-717500

D.     Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Second Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violation of 21 U.S.C. §§ 841 and 846.

SUBSTITUTION OF ASSETS:

If any forfeited property being subject to forfeiture, as a result of any act or omission of a

Defendant:

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third person;
(c)     has been placed beyond the jurisdiction of the Court;
(d)     has been substantially diminished in value; or
(e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek

forfeiture of any other property of Defendant up to an amount equivalent to the value of the

forfeitable property.

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code,

Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

9

A _____*True*_____ BILL

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Jamie Lea Schoen (Fed. ID # 11386)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.:   864-282-2100
Fax:   864-233-3158
Email: jamie.l.schoen@usdoj.gov

11