IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 7:24-cr-00890 |
| | ) | 18 U.S.C. § 922(g)(1) |
| -versus- | ) | 18 U.S.C. § 924(a)(8) |
| | ) | 21 U.S.C. § 841(a)(1) |
| DEVON COLLINS | ) | 21 U.S.C. § 841(b)(1)(A) |
| JEFFERY LEE JEFFERSON II, | ) | 21 U.S.C. § 841(b)(1)(B) |
| a/k/a "Jroc" | ) | 21 U.S.C. § 841(b)(1)(C) |
| MICHAEL TYREE | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 802 |
| CHANNARITH MAX KEAM | ) | 21 U.S.C. § 851 |
| | ) | 18 U.S.C. § 924(c)(1)(A) |
| ROGER MURPHY | ) | 18 U.S.C. § 924(d)(1) |
| | ) | 21 U.S.C. § 853 |
| | ) | 21 U.S.C. § 881 |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | **SEALED THIRD** |
| | ) | **SUPERSEDING INDICTMENT** |

COUNT 1
Conspiracy to Commit Drug Trafficking

THE GRAND JURY CHARGES:

Beginning at a time unknown to the Grand Jury, but beginning at least in early 2024, and continuing thereafter, up to and including the date of this Third Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, DEVON COLLINS, JEFFERY LEE JEFFERSON II, a/k/a "Jroc," MICHAEL TYREE,       , CHANNARITH MAX KEAM,        ROGER MURPHY,

knowingly and intentionally did combine, conspire, agree, and have tacit understanding with each other and with others, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute N-phenyl-N-[1-(2-phenylethyl)-

MAR 11 2025 PM 1:28
RCV'D - USDC G'VILLE SC

4-piperidinyl] propanamide (commonly known as "fentanyl"), a mixture or substance containing a detectable amount of methamphetamine, and cocaine, all Schedule II controlled substances:

a. With respect to DEVON COLLINS, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B);

b. With respect to JEFFERY LEE JEFFERSON II, a/k/a "Jroc," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

c. With respect to MICHAEL TYREE, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C);

2

d. With respect to _____, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C);

e. With respect to CHANNARITH MAX KEAM, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

f. With respect to _____ the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

g. With respect to ROGER MURPHY, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), a quantity of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

3

h. With respect to _____, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

i. With respect to _____ the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B);

All in violation of Title 21, United States Code, Section 846.

### COUNT 2

THIS COUNT IS NO LONGER BEFORE THE CUORT

### COUNT 3

THIS COUNT IS NO LONGER BEFORE THE COURT.

### COUNT 4

THIS COUNT IS NO LONGER BEFORE THE COURT.

4

## COUNT 5

THIS COUNT IS NO LONGER BEFORE THE COURT.

## COUNT 6

THIS COUNT IS NO LONGER BEFORE THE COURT.

## COUNT 7
Possession of a Firearm by a Convicted Felon

THE GRAND JURY FURTHER CHARGES:

That on or about December 6, 2024, in the District of South Carolina, the Defendant, DEVON COLLINS, knowingly did possess a firearm in and affecting interstate commerce, that is a Ruger Security-9 9mm semi-automatic handgun, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 8
Possession of a Firearm In Furtherance of a Drug Trafficking Crime

THE GRAND JURY FURTHER CHARGES:

That on or about December 6, 2024, in the District of South Carolina, the Defendant, DEVON COLLINS, knowingly possessed a firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

5

## COUNT 9
### Possession of a Firearm by a Convicted Felon

THE GRAND JURY FURTHER CHARGES:

That on or about January 15, 2025, in the District of South Carolina, the Defendant, , knowingly did possess firearms in and affecting interstate commerce, that is a Glock model 22c .40 caliber pistol, SCCY CPX-2 9mm pistol, and a Taurus .357 revolver, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 10
### Possession of a Firearm by a Convicted Felon

THE GRAND JURY FURTHER CHARGES:

That on or about January 15, 2025, in the District of South Carolina, the Defendant, knowingly did possess a firearm in and affecting interstate commerce, that is a HS Produkt (IM Metal) XDM-10 pistol, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

6

COUNT 11
Possession with Intent to Distribute Fentanyl and Methamphetamine

THE GRAND JURY FURTHER CHARGES:

That on or about January 15, 2025, in the District of South Carolina, the Defendant, intentionally and unlawfully did possess with intent to distribute 400 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, both Schedule II controlled substances;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B).

COUNT 12
Possession of a Firearm In Furtherance of a Drug Trafficking Crime

THE GRAND JURY FURTHER CHARGES:

That on or about January 15, 2025, in the District of South Carolina, the Defendant, knowingly possessed a firearm in furtherance of a drug trafficking crime, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

7

**FORFEITURE**

FIREARM/DRUG OFFENSES:

Upon conviction for felony violations of Title 18 and 21, United States Code as charged in this Third Superseding Indictment, the Defendants, DEVON COLLINS, JEFFERY LEE JEFFERSON II, a/k/a "Jroc," MICHAEL TYREE,                , CHANNARITH MAX KEAM,                 ROGER MURPHY,                , and                                                shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

- (a) constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

- (b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

- (c) any firearms and ammunition (as defined in 18 U.S.C. § 921) –

   - (1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

   - (2) involved in or used in any knowing violations of 18 U.S.C. § 922 or 924, or violation of any other criminal law of the United States or intended to be used in a crime of violence.

PROPERTY:

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Third Superseding Indictment includes, but is not limited to, the following:

8

A. <u>Firearms</u>:

   (1) Ruger Security-9 pistol
Serial Number: 387-24484
Seized from Devon Domonique Collins
Asset ID: 25-ATF-003666

   (2) Glock GMBH 20GEN4 pistol
Serial Number: bxsa414
Seized from: Roger Murphy
Asset ID: 25-ATF-003007

   (3) Diamondback Arms Inc. DB9 pistol
Serial Number: yk9251
Seized from: Roger Murphy
Asset ID: 25-ATF-003004

   (4) Glock 22c pistol with ammunition and two magazines
Serial Number: DRW018US
Seized from:

   (5) SCCY CPX-2 pistol
Serial Number: 940894
Seized from:

   (6) Taurus 357 revolver with ammunition
Serial Number: 5147581
Seized from:

   (7) HS Produkt (IM Metal) XDM-10 pistol with ammunition and two magazines
Serial Number: HM505038
Seized from:

B. <u>Ammunition</u>:

   (1) 45 rounds of assorted ammunition
Seized from Devon Domonique Collins
Asset ID: 25-ATF-003667

   (2) 11 rounds of assorted ammunition
Seized from: Roger Murphy
Asset ID: 25-ATF-003009

    (3) 5 rounds of other ammunition
      Seized from: Roger Murphy
      Asset ID: 25-ATF-003008

    (4) 6 rounds of assorted ammunition
      Seized from: Roger Murphy
      Asset ID: 25-ATF-003006

 C. United States Currency:

    $1,025.00 in United States currency
    Seized from Devon Domonique Collins
    Asset ID: 25-DEA-717500

 D. Proceeds/Forfeiture Judgment:

    A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Third Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violation of 21 U.S.C. §§ 841 and 846.

SUBSTITUTION OF ASSETS:

If any forfeited property being subject to forfeiture, as a result of any act or omission of a Defendant:

  (a) cannot be located upon the exercise of due diligence;
  (b) has been transferred or sold to, or deposited with, a third person;
  (c) has been placed beyond the jurisdiction of the Court;
  (d) has been substantially diminished in value; or
  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the forfeitable property.

Pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

10

A _TRUE_ BILL

REDACTED

FOREPERSON

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

By: _Jamie Lea Schoen_
Jamie Lea Schoen (Fed. ID # 11386)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.: 864-282-2100
Fax: 864-233-3158
Email: jamie.l.schoen@usdoj.gov

11